UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| JARED L. COPE, et al.,<br><br>            Plaintiff,<br><br>    v.<br><br>WINCO FOODS, LLC,,<br><br>            Defendant. | No. CV-07-5064-FVS<br><br>ORDER DISMISSING BREACH-OF-CONTRACT CLAIM WITHOUT PREJUDICE |

**THIS MATTER** comes before the Court based upon the defendant's motion to dismiss the plaintiff's breach-of-contract claim without prejudice pending arbitration. The defendant is represented Francis L. Van Dusen and Jerilynn C. Gonzales. The plaintiff is represented by Janet E. Taylor.

**BACKGROUND**

Jared Cope worked for WinCo Foods, LLC. He was a member of WinCo Foods #45 Department Manager Hourly Employee Association ("WinCo #45). As a union member, his employment relationship with WinCo was governed by a collective bargaining agreement ("CBA"). During 2006, WinCo fired him. He invoked the CBA's grievance procedure. The first step was a hearing before the Department Head Committee ("the committee"), which decided that WinCo should reinstate him with back pay, benefits, and seniority. WinCo could have demanded arbitration, but chose not do so. Although WinCo may have appeared to accept the committee's

ORDER - 1

decision, says Mr. Cope, WinCo did not, in fact, comply.  As a result, he and his wife have filed a complaint alleging breach of contract, wrongful discharge, and loss of consortium.  WinCo moves to dismiss the breach-of-contract claim without prejudice pending arbitration.

**RULING**

A judge must resolve "gateway" disputes concerning arbitrability. *Howsam v. Dean Witter Reynolds, Inc.*, 537 U.S. 79, 83-4, 123 S.Ct. 588, 592, 154 L.Ed.2d 491 (2002).  Examples include "whether the parties have a valid arbitration agreement at all[,]" and "whether a concededly binding arbitration clause applies to a certain type of controversy."  *Green Tree Fin. Corp. v. Bazzle*, 539 U.S. 444, 452, 123 S.Ct. 2402, 2407, 156 L.Ed.2d 414 (2003).  By contrast, "procedural" disputes are for an arbitrator to decide.  Howsam, 537 U.S. at 84, 123 S.Ct. at 592.  Procedural disputes include "'allegation[s] of waiver, delay, or a like defense to arbitrability."  *Id.* (quoting *Moses H. Cone Memorial Hospital v. Mercury Constr. Corp.*, 460 U.S. 1, 24-25, 103 S.Ct. 927, 941, 74 L.Ed.2d 765 (1983)).  Mr. Cope argues that WinCo waived its right to arbitration by failing to timely demand arbitration of the decision of the Department Head Committee.  He may be correct, but this is a procedural issue, not a gateway issue.  Consequently, it is for an arbitrator, not the Court, to resolve.

**IT IS HEREBY ORDERED:**

1. WinCo's motion to dismiss Mr. Cope's breach-of-contract claim without prejudice (**Ct. Rec. 13**) is **granted.**

2. Mr. Cope's motion to shorten time (**Ct. Rec. 23**) is **granted.**

3. Mr. Cope's motion to supplement the record or, in the

alternative, strike materials submitted by WinCo (**Ct. Rec. 22**) is **denied.**

**IT IS SO ORDERED.** The District Court Executive is hereby directed to enter this order and furnish copies to counsel.

**DATED** this ___11th___ day of June, 2008.

                                  ___s/ Fred Van Sickle___
                                      Fred Van Sickle
                    Senior United States District Judge

ORDER - 3