UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

JARED L. COPE, et al.,

        Plaintiff,

        v.

WINCO FOODS, LLC,,

        Defendant.

No. CV-07-5064-FVS

ORDER DENYING RECONSIDERATION

**THIS MATTER** comes before the Court based upon the plaintiff's motion for reconsideration. He is represented by Janet E. Taylor. The defendant is represented Francis L. Van Dusen and Jerilynn C. Gonzales.

**BACKGROUND**

Jared Cope was employed by WinCo Foods, LLC, as the manager of one of its meat departments. He was a member of WinCo Foods #45 Department Manager Hourly Employee Association. As a union member, his employment relationship with WinCo was governed by a collective bargaining agreement ("CBA"). During July of 2007, WinCo fired Mr. Cope for allegedly using racial slurs and tolerating his subordinates' use of ethnic slurs. He invoked the CBA's grievance procedure. The first step was a hearing before the Department Head Committee (hereinafter "Committee"). On July 31, 2007, the Committee directed Winco to reinstate him with back pay, benefits, and seniority. Mr. Cope alleges that, during August, a representative of WinCo told him that the

ORDER - 1

company was not going to reinstate him as the manager of a meat department; that he would have to work in some lesser position. Mr. Cope alleges that he advised the WinCo representative that he was unwilling to accept the terms the company was offering. This led to an impasse of sorts. Eventually, WinCo construed Mr. Cope's refusal to accept any position other than meat department manager as a decision to quit working for the company. Mr. Cope and his wife filed an action against WinCo. They have pled at least three, and perhaps four, causes of action: Mr. Cope alleges that WinCo breached the CBA by failing to reinstate him, and that WinCo discharged him in retaliation for filing a grievance.[1] Mrs. Cope alleges that WinCo deprived her of loss of consortium.

On May 9, 2008, WinCo moved to dismiss the breach-of-contract claim on the ground that Mr. Cope has a duty under the CBA to submit this issue to arbitration. (Defendant's Motion to Dismiss, at 4-5.[2]) Mr. Cope disagreed; arguing that, since neither he nor WinCo sought arbitration of the Committee's decision, its decision was final, binding, and subject to enforcement in federal court. (Plaintiff's Memorandum in Opposition, at 6.[3]) The Court construed Mr. Cope's

---

[1] It is clear that Mr. Cope is alleging retaliatory discharge in violation of state public policy. (Plaintiffs' Memorandum of Authorities in Opposition to Defendant's Motion to Dismiss (Ct. Rec. 52), at 14-15.) Less clear is whether he is alleging retaliatory discharge in violation of the National Labor Relations Act.

[2] (Ct. Rec. 13.)

[3] (Ct. Rec. 15.)

ORDER - 2

argument as an allegation that WinCo had waived its right to arbitration by failing to request arbitration. Ordinarily, an allegation of "waiver" is a "procedural" issue that an arbitrator must decide rather than a "gateway" issues that a district court must decide. Accordingly, on June 11, 2008, the Court dismissed Mr. Cope's breach-of-contract claim without prejudice pending a determination by an arbitrator with respect to whether the substance of the claim is subject to arbitration.

Mr. Cope moves the Court to reconsider. He argues that reconsideration is warranted for the following reasons: To begin with, it is unfair to give WinCo a second opportunity to seek arbitration. Furthermore, only this Court has jurisdiction to enforce the Committee's decision. Finally, under the terms of the CBA, an arbitrator lacks authority to determine whether arbitration is available at this stage in the proceedings, and WinCo has repudiated the grievance process.

**STANDARD**

In order to qualify for reconsideration, Mr. Cope must either present newly discovered evidence, or demonstrate that the Court clearly committed an error or law, or establish that controlling law has changed. *See Sch. Dist. No. 1J, Multnomah Cty. Or. v. ACandS, Inc.*, 5 F.3d 1255, 1262 (9th Cir.1993).

**RULING**

Each one of the arguments that Mr. Cope makes in support of his motion for reconsideration may turn out to be correct; but the correctness or incorrectness of his arguments is not the issue. The

ORDER - 3

issue is whether he must first present them to an arbitrator.  In its earlier order, the Court explained:

> A judge must resolve "gateway" disputes concerning arbitrability.  *Howsam v. Dean Witter Reynolds, Inc.*, 537 U.S. 79, 83-4, 123 S.Ct. 588, 592, 154 L.Ed.2d 491 (2002).  Examples include "whether the parties have a valid arbitration agreement at all[,]" and "whether a concededly binding arbitration clause applies to a certain type of controversy."  *Green Tree Fin. Corp. v. Bazzle*, 539 U.S. 444, 452, 123 S.Ct. 2402, 2407, 156 L.Ed.2d 414 (2003).  By contrast, "procedural" disputes are for an arbitrator to decide.  *Howsam*, 537 U.S. at 84, 123 S.Ct. at 592.  Procedural disputes include "'allegation[s] of waiver, delay, or a like defense to arbitrability."  *Id.* (quoting *Moses H. Cone Memorial Hospital v. Mercury Constr. Corp.*, 460 U.S. 1, 24-25, 103 S.Ct. 927, 941, 74 L.Ed.2d 765 (1983)).

(Order Dismissing Breach-Of-Contract Claim, at 2.[4])  Were Mr. Cope denying the existence of an agreement to arbitrate, or were he denying that Winco had a right to arbitrate the dispute that gives rise to his breach-of-contract claim, the Court might be faced with a gateway issue.  But that is not the case.  Mr. Cope acknowledges that the CBA contains an arbitration clause and that WinCo could have arbitrated the Committee's decision had the company made a timely request.  Instead, he argues that he is entitled to proceed in district court with his breach-of-contract claim because Winco did not demand arbitration until after he filed this action.  An argument of the sort that Mr. Cope is making -- *i.e.*, waiver -- is a quintessentially procedural argument.  *See Howsam*, 537 U.S. at 84, 123 S.Ct. at 592.  The fact that Mr. Cope couches his objection to arbitration in terms of "jurisdiction" and "authority" does not alter its substance.  The Court correctly

---

[4](Ct. Rec. 26.)

ORDER - 4

determined that Mr. Cope's objection is procedural in nature. Consequently, the Court did not err, much less clearly err, in requiring him to present it to an arbitrator before the Court considers it.

**IT IS HEREBY ORDERED:**

The plaintiff's motion for reconsideration (**Ct. Rec. 32**) is denied.

**IT IS SO ORDERED.** The District Court Executive is hereby directed to enter this order and furnish copies to counsel.

**DATED** this  29th  day of August, 2008.

>              s/ Fred Van Sickle
>                Fred Van Sickle
>     Senior United States District Judge

ORDER - 5