UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| JARED L. COPE and JONEA C. COPE,<br><br>        Plaintiff,<br><br>    v.<br><br>WINCO FOODS, LLC,,<br><br>        Defendant. | No. CV-07-5064-FVS<br><br>ORDER DISMISSING STATE CLAIMS |

**THIS MATTER** comes before the Court based upon the defendant's motion to dismiss two claims that are based upon state law. The defendant is represented by Francis L. Van Dusen, Jr. The plaintiffs are represented by Janet Taylor.

**BACKGROUND**

Jared Cope was employed by WinCo Foods, LLC, as the manager of one of its meat departments. He was a member of WinCo Foods #45 Department Manager Hourly Employee Association. As a union member, his employment relationship with WinCo was governed by a collective bargaining agreement ("CBA"). During July of 2007, WinCo fired Mr. Cope for allegedly using racial slurs and tolerating his subordinates' use of ethnic slurs. He invoked the CBA's grievance procedure. The first step in the grievance process was a hearing before the Department Head Committee ("Committee"). On July 31, 2007, the Committee directed Winco to reinstate Mr. Cope with back pay,

ORDER DISMISSING STATE CLAIMS - 1

benefits, and seniority.  According to Mr. Cope, a representative of WinCo told him during August that the company was not going to reinstate him as the manager of a meat department.  Instead, he would have to work in some lesser position.  Mr. Cope says he told the WinCo representative that he was unwilling to accept the terms the company was offering.  This led to an impasse.  Eventually, WinCo construed Mr. Cope's refusal to accept any position other than meat department manager as a decision to quit working for the company.  Mr. Cope and his wife filed an action against WinCo.  They have pled several causes of action:  First, Mr. Cope alleges WinCo breached the CBA by failing to reinstate him.  He seeks relief for the breach under the National Labor Relations Act ("NLRA").  29 U.S.C. § 185.  Second, he alleges WinCo retaliated against him for filing the grievance by refusing to reinstate him to his former position as a manager.  He seeks relief for retaliation under both the NLRA, 29 U.S.C. § 158, and the law of the State of Washington.  Finally, Mrs. Cope alleges a loss of consortium as a result of WinCo's tortious conduct.  She seeks relief under Washington common law.

**RULING**

Mr. Cope alleges that Winco's refusal to reinstate him to his former position violates RCW 49.32.020 and gives rise to a cause of action in tort.  Mr. Cope's claim is based largely, but not entirely, upon *Bravo v. Dolsen Co.*, 125 Wn.2d 745, 888 P.2d 147 (1995).  In *Bravo*, the Supreme Court of the State of Washington held that nonunionized workers stated a claim for wrongful discharge in violation of public policy based upon their allegation that their

ORDER DISMISSING STATE CLAIMS - 2

Case 2:07-cv-05064-FVS    Document 84    Filed 03/02/09

former employer discharged them in retaliation for attempting to secure better working conditions. *Id.* at 748, 759.

WinCo argues that Mr. Cope's state retaliation claim is preempted under the *Garmon* doctrine. *San Diego Bldg. Trades Council v. Garmon*, 359 U.S. 236, 243-44, 79 S.Ct. 773, 779, 3 L.Ed.2d 775 (1959). "The *Garmon* doctrine holds that the national interest in having a consistent body of labor law requires that the [National Labor Relations Board] have exclusive jurisdiction to regulate activit[ies] that . . . arguably constitute unfair labor practices." *Adkins v. Mireles*, 526 F.3d 531, 539 (9th Cir.2008). "'When it is clear or may fairly be assumed that the activities which a State purports to regulate are protected by § 7 of the [NLRA], or constitute an unfair labor practice under § 8, due regard for the federal enactment requires that state jurisdiction must yield.'" 526 F.3d. at 538 (quoting *Garmon*, 359 U.S. at 244, 79 S.Ct. at 779).[1]

Pursuant to the *Garmon* doctrine, Mr. Cope's state retaliation claim is preempted if it is identical to a claim that could have been, but was not, presented to the National Labor Relations Board ("NLRB").

---

[1] *Garmon* is not the only preemption doctrine that is based upon the National Labor Relations Act. Another is the *Machinists* doctrine. See *Machinists v. Wisconsin Employment Relations Commission*, 427 U.S. 132, 96 S.Ct. 2548, 49 L.Ed.2d 396 (1976). Furthermore, the NLRA is not the only federal labor statute that has preemptive effect. Section 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185, also preempts state regulation in certain circumstances. *See, e.g., Allis-Chalmers v. Lueck*, 471 U.S. 202, 209-10, 105 S.Ct. 1904, 1910-11, 85 L.Ed.2d 206 (1985).

ORDER DISMISSING STATE CLAIMS - 3

*See Sears, Roebuck & Co. v. San Diego County District Council of Carpenters*, 436 U.S. 180, 197, 98 S.Ct. 1745, 1757, 56 L.Ed.2d 209 (1978). As indicated above, the critical inquiry is "whether the conduct at issue was arguably protected or prohibited by the NLRA." *Int'l Longshoremen's Ass'n v. Davis*, 476 U.S. 380, 394, 106 S.Ct. 1904, 1914, 90 L.Ed.2d 389 (1986). Thus, the Court's first task is to determine whether the acts that give rise to Mr. Cope's state retaliation claim fall within the scope of either § 7 or § 8 of the NLRA.

Section 7 states, in part, "[e]mployees shall have the right to self-organization, to form, join, or assist labor organizations, to bargain collectively through representatives of their own choosing, and to engage in other concerted activities for the purpose of collective bargaining or other mutual aid or protection[.]" 29 U.S.C. § 157. Under Section 7, an employee has a right to file a grievance pursuant to a grievance process that has been established by a collective bargaining agreement. *Ad Art, Inc. v. NLRB*, 645 F.2d 669, 678 (9th Cir.1980). Consequently, Mr. Cope's act of filing a grievance was protected by Section 7.

Section 8(a)(1) makes it an unfair labor practice for an employer "to interfere with, restrain, or coerce employees in the exercise of the rights guaranteed in [§ 7]." 29 U.S.C. § 158(a)(1). An employer who retaliates against an employee for filing a grievance commits an unfair labor practice under Section 8. *Ad Art, Inc.*, 645 F.2d at 678. Thus, if WinCo's refusal to reinstate Mr. Cope to his former position was, in fact, motivated by a desire to retaliate against him for

successfully invoking the grievance process, then WinCo committed an unfair labor practice under § 8. Which is precisely what Mr. Cope alleges in his complaint.

It is clear, then, that the facts which give rise to Mr. Cope's state retaliation claim fall within the scope of sections 7 and 8 of the NLRA. To begin with, filing a grievance is protected by § 7. Moreover, retaliating against a grievance filer is prohibited by § 8. Since the acts that give rise to Mr. Cope's state retaliation claim fall within the scope of sections 7 and 8, he could have presented an identical claim to the NLRB. Thus, under the *Garmon* doctrine, his state retaliation claim is preempted. It must be dismissed for lack of subject-matter jurisdiction.

Mrs. Cope brings a separate claim for loss of consortium. In this context, she is referred to as the "deprived spouse"; her husband as the "impaired spouse." *Lund v. Caple*, 100 Wn.2d 739, 744, 675 P.2d 226 (1984). One of the elements she must prove is a tortious injury to her husband. *See, e.g., Oltman v. Holland America Line USA, Inc.*, 163 Wn.2d 236, 250, 178 P.3d 981, *cert. denied*, --- U.S. ----, 129 S.Ct. 24, 171 L.Ed.2d 927 (2008); *Reichelt v. Johns-Manville Corp.*, 107 Wash.2d 761, 774, 733 P.2d 530 (1987). Mrs. Cope alleges her husband suffered a tortious injury by virtue of WinCo's retaliatory refusal to reinstate him to his former position. As explained above, Mr. Cope's state tort claim is preempted by federal law. In other words, she cannot prove a tortious injury to her husband in violation of state law. All that remains are alleged violations of federal labor law. Mrs. Cope has failed to establish that any of the

ORDER DISMISSING STATE CLAIMS - 5

remaining violations alleged by her husband can serve as a basis for a state loss-of-consortium claim. If follows that her claim must be dismissed. *Conradt v. Four Star Promotions, Inc.*, 45 Wn. App. 847, 853, 728 P.2d 617 (1986) ("deprived" spouse cannot bring a loss-of-consortium claim absent a tortious injury to the "impaired" spouse).

**IT IS HEREBY ORDERED:**

1. The defendant's motion for a ruling (**Ct. Rec. 82**) is granted.

2. The defendant's motion to dismiss (**Ct. Rec. 42**) is granted in part:

(a) Mr. Cope's state retaliation claim is dismissed.

(b) Mrs. Cope's loss-of-consortium claim is dismissed.

**IT IS SO ORDERED.** The District Court Executive is hereby directed to enter this order and furnish copies to counsel.

**DATED** this ___2nd___ day of March, 2009.

                                      s/Fred Van Sickle
                                        Fred Van Sickle
                            Senior United States District Judge