UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

|  |  |
|---|---|
| JARED L. COPE and JONEA C. COPE, husband and wife,<br><br>    Plaintiffs,<br><br>   v.<br><br>WINCO FOODS, LLC,,<br><br>    Defendant. | No. CV-07-5064-FVS<br><br>ORDER GRANTING RECONSIDERATION |

**THIS MATTER** comes before the Court based upon WinCo's request for dismissal of the Copes' remaining claims and the Copes' request for reconsideration of the Court's order of March 9, 2009, and for permission to file an amended complaint.  WinCo is represented by Francis L. Van Dusen, Jr., and Adam B. Jussel.  The Copes are represented by Janet E. Taylor.

**BACKGROUND**

Jared Cope was employed as a meat department manager by WinCo Foods, LLC.  He belonged to the Department Manager Hourly Employee Association.  The Association negotiated a collective bargaining agreement ("CBA") with WinCo.  Among other things, the CBA established a grievance procedure.  During July of 2007, WinCo fired Mr. Cope for allegedly using racial slurs and tolerating his subordinates' use of ethnic slurs.  He thought WinCo's action was unjustified. Consequently, he submitted a grievance to the Department Head

ORDER - 1

Committee. On July 31, 2007, the Committee directed Winco to reinstate Mr. Cope with back pay, benefits, and seniority. According to Mr. Cope, a representative of WinCo told him during August the company was not going to reinstate him as the manager of a meat department. As Mr. Cope recalls, the representative said he would have to work in some less responsible position. He says he told the representative he was unwilling to accept the terms WinCo was offering. His alleged rejection of WinCo's offer led to an impasse. Eventually, WinCo construed his refusal to accept any position other than meat department manager as a decision to quit working for the company. Mr. Cope and his wife, Jonea, viewed matters very differently. They filed a complaint that pled three causes of action. The first cause of action alleged WinCo breached the CBA by failing to reinstate Mr. Cope. The second cause of action alleged WinCo retaliated against Mr. Cope for invoking the grievance process by discharging him. The third cause of action alleged WinCo deprived Mrs. Cope of her husband's consortium.

**JURISDICTION**

Mr. Cope sought relief from WinCo's alleged breach of contract under Section 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185. Consequently, the Court had original jurisdiction over the first cause of action pursuant to 28 U.S.C. § 1331. Since the second and third causes of action were so related to the first "that they form[ed] part of the same case or controversy under Article III of the United States Constitution," 28 U.S.C. § 1367(a), the Court was authorized to exercise supplemental jurisdiction over the second and

ORDER - 2

third causes of action. *Id.*

**PROCEDURAL HISTORY**

Early in the case, WinCo moved to dismiss Mr. Cope's breach-of-contract claim without prejudice on the ground it was subject to mandatory arbitration under the terms of the CBA. The Court granted WinCo's motion over Mr. Cope's objection; ruling an arbitrator, not the Court, had to determine whether he was obligated to arbitrate his breach-of-contract claim. During roughly the same period of time, WinCo moved to dismiss the plaintiffs' second and third causes of action. WinCo urged the Court to dismiss Mr. Cope's retaliation/wrongful discharge claim on the ground the National Labor Relations Board ("NLRB") has exclusive jurisdiction over the claim. *San Diego Bldg. Trades Council v. Garmon*, 359 U.S. 236, 243-44, 79 S.Ct. 773, 779, 3 L.Ed.2d 775 (1959) (hereinafter "*Garmon*"). WinCo urged the Court to dismiss Mrs. Cope's loss-of-consortium claim on the ground she could not prove tortious injury to her husband, which is one of the elements of the claim. *See, e.g., Oltman v. Holland America Line USA, Inc.*, 163 Wn.2d 236, 250, 178 P.3d 981, *cert. denied*, --- U.S. ----, 129 S.Ct. 24, 171 L.Ed.2d 927 (2008). The Court reserved ruling pending the arbitrator's determination as to whether Mr. Cope's breach-of-contract was subject to arbitration. In due course, the arbitrator issued an order. He concluded, "[T]he parties have exhausted their procedural rights to resolve Mr. Cope's breach of contract claim through arbitration under the terms of the [CBA.]" (Order of December 4, 2008, at 5.) In other words, Mr. Cope was not prohibited by the CBA's arbitration clause from seeking relief

ORDER - 3

in federal court. Despite the arbitrator's ruling, Mr. Cope did not immediately move to reinstate his breach-of-contract claim. Faced with silence on the plaintiffs' part, WinCo requested a ruling upon its motion to dismiss. The plaintiffs did not respond. Ultimately, the Court granted WinCo's motion to dismiss the second and third causes of action. Thereafter, the plaintiffs filed a two-part motion. Not only do they ask the Court to reconsider its decision to dismiss their second and third causes of action, but also they ask the Court to grant them leave to amend their complaint. WinCo objects.

**RECONSIDERATION**

On March 9, 2009, the Court entered an amended order dismissing the plaintiffs' second and third causes of action. The plaintiffs urge the Court to reconsider its order. They argue reconsideration is appropriate under Federal Rule of Civil Procedure 59(e) or, perhaps, 60. The former is a vehicle for seeking alteration of a judgment. The latter is a vehicle for seeking relief from a final judgment. The order that was entered on March 9th is not a judgment because it is not an appealable order. Fed.R.Civ.P. 54(a) (the term "'[j]udgment' as used in these rules includes a decree and any order from which an appeal lies"). Rather, the March 9th order is an interlocutory order. *See Fye v. Okla. Corp. Comm'n*, 516 F.3d 1217, 1223 n.2 (10th Cir.2008). As a result, Mr. Cope's motion for reconsideration is not governed by either Rule 59(e) or Rule 60(b). *See Auto Services Co., Inc. v. KPMG, LLP*, 537 F.3d 853, 855-57 (8th Cir.2008). Which means the Court "is not bound by the strict standards for altering or amending a judgment encompassed in Federal Rules of Civil Procedure

ORDER - 4

59(e) and 60(b)." *Fye*, 516 F.3d at 1223 n.2. Instead, since the March 9th order is an interlocutory order, the Court has very broad authority to reconsider, rescind, or modify it. "As long as a district court has jurisdiction over the case, then it possesses the inherent procedural power to reconsider, rescind, or modify an interlocutory order for cause seen by it to be sufficient." *City of Los Angeles v. Santa Monica BayKeeper*, 254 F.3d 882, 885 (9th Cir.2001) (internal punctuation, emphasis, and citation omitted). In view of the preceding principles, the Court must decide whether good cause exists to reconsider, rescind, or modify its March 9th order.

It is useful to begin with Winco's motion to dismiss. WinCo argued the Court lacked jurisdiction over the subject matter of Mr. Cope's retaliation/wrongful discharge claim. WinCo cited a well established rule. The NLRB has exclusive authority to regulate practices that are either protected by § 7 of the National Labor Relations Act ("NLRA"), 29 U.S.C. § 157, or prohibited by § 8 of the NLRA, 29 U.S.C. § 158. *Garmon*, 359 U.S. at 244, 79 S.Ct. at 779. Courts frequently refer to this rule as "the *Garmon* doctrine." *See, e.g., Adkins v. Mireles*, 526 F.3d 531, 539 (9th Cir.2008). Pursuant to the *Garmon* doctrine, state and federal courts lack authority to grant redress for conduct that is either arguably protected by § 7 or arguably prohibited by § 8 "unless redress is sought under one of [the *Garmon* doctrine's] recognized exceptions (*e.g.* [Section 301 of the Labor Management Relations Act] or the duty of fair representation)." *Id.* at 542.

As the moving party, WinCo had to satisfy two requirements in

ORDER - 5

order to establish Mr. Cope's retaliation/wrongful discharge claim was preempted by the NLRA pursuant to the *Garmon* doctrine.  First, WinCo had to "advance an interpretation of the [NLRA] that is not plainly contrary to its language and that has not been authoritatively rejected by the courts or the [NLRB]."  *International Longshoremen's Ass'n v. Davis*, 476 U.S. 380, 395, 106 S.Ct. 1904, 1914, 90 L.Ed.2d 389 (1986) (hereinafter "*Davis*") (internal punctuation and citation omitted).  Second, WinCo had to "put forth enough evidence to enable the court to find that the [NLRB] reasonably could uphold a claim based on such an interpretation."  *Id.*

   Mr. Cope objected to Winco's motion to dismiss his retaliation/wrongful discharge claim.  However, he did not make the argument he is now making; namely, he is not covered by sections 7 and 8 of the NLRA, and, therefore, his retaliation/wrongful discharge claim is not subject to *Garmon* preemption.  The fact Mr. Cope did not make this argument before the Court ruled on WinCo's motion is troublesome.  Nevertheless, a district court may assess the existence of subject matter jurisdiction at any time before judgment is entered.  Fed.R.Civ.P. 12(h)(3).  Typically, the issue arises when the defendant, or perhaps the judge, questions whether jurisdiction exists.  *Cf. Snell v. Cleveland, Inc.*, 316 F.3d 822, 826 (9th Cir.2002) ("a court may raise the question of subject matter jurisdiction, sua sponte, at any time during the pendency of the action").  This situation is atypical.  Mr. Cope submits the Court mistakenly concluded it lacks subject matter jurisdiction.  Given the latitude courts are accorded in addressing jurisdictional issues, and

ORDER - 6

given the fact the Court has not entered judgment, the Court will consider Mr. Cope's jurisdictional argument.

Mr. Cope's argument is based upon the language of sections 7 and 8 of the NLRA. Section 7 states, in part, "[e]mployees shall have the right to self-organization, to form, join, or assist labor organizations, to bargain collectively through representatives of their own choosing, and to engage in other concerted activities for the purpose of collective bargaining or other mutual aid or protection[.]" 29 U.S.C. § 157. Section 8(a)(1) makes it an unfair labor practice for an employer "to interfere with, restrain, or coerce employees in the exercise of the rights guaranteed in [§ 7]." 29 U.S.C. § 158(a)(1). Given the text of sections 7 and 8, it is plain "the NLRA confers rights only on employees[.]" *Lechmere, Inc. v. NLRB*, 502 U.S. 527, 532, 112 S.Ct. 841, 845, 117 L.Ed.2d 79 (1992). Supervisors are expressly exempt from coverage under sections 7 and 8. 29 U.S.C. § 152(3) (the "term 'employee' . . . shall not include . . . any individual employed as a supervisor"). *See Davis*, 476 U.S. at 383 n.1, 106 S.Ct. at 1908 n.1.

Mr. Cope was the manager of a meat department. He alleges he was a supervisor, not an employee. If he is correct, the conduct giving rise to his state law claims is not covered by sections 7 and 8 of the NLRA. 476 U.S. at 394, 106 S.Ct. at 1914. In other words, the NLRB does not have jurisdiction over the relevant conduct, and his state law claims are not subject to *Garmon* preemption. At the time Winco moved to dismiss, Mr. Cope did not offer any evidence regarding his alleged status as a supervisor. Then again, he didn't have to because

ORDER - 7

he was not the moving party. WinCo was. In order to establish he was covered by § 7 or § 8 of the NLRA (and, thus, his state law claims are subject to *Garmon* preemption), WinCo was required to present evidence from which the NLRB arguably could decide a WinCo meat department manager is an employee rather than a supervisor. WinCo did not do so. Consequently, the Court was not deprived of jurisdiction over the subject matter of Mr. Cope's state claims pursuant to the *Garmon* doctrine. *Davis*, 476 U.S. at 396, 106 S.Ct. at 1915 ("those claiming preemption must carry the burden of showing at least an arguable case before the jurisdiction of a state court will be ousted"). The Court ruled to the contrary in its March 9th order. Since the ruling is not supported by the record, good cause exists to rescind the ruling.[1]

**AMENDMENT**

The plaintiffs have filed a motion to amend their complaint. Federal Rule of Civil Procedure 15(a)(2) states, in part, that a district court should "freely" grant a plaintiff's motion to amend his complaint "when justice so requires." However, amendment is not a matter of right. A district court may deny the plaintiff's request when the record indicates the proposed amendment "(1) prejudices the opposing party; (2) is sought in bad faith; (3) produces an undue delay in litigation; or (4) is futile." *Amerisource Bergen Corp. v. Dialysist West, Inc.*, 465 F.3d 946, 951 (9th Cir.2006). The plaintiffs have submitted a copy of their proposed complaint. It

---

[1] Winco's failure to carry its burden does not mean Mr. Cope actually was a supervisor within the meaning of the NLRA. Winco may contest his allegation by presenting evidence he was an employee rather than a supervisor.

ORDER - 8

contains four causes of action:  (1) breach of contract, (2) retaliation and/or discharge in violation of RCW 49.32.020, (3) discharge in violation of public policy, and (4) loss of consortium.

<u>Breach of Contract</u>

Mr. Cope is seeking to reinstate a breach-of-contract claim the Court dismissed without prejudice on June 11, 2008.  The Court dismissed the claim in order to give an arbitrator an opportunity to determine whether the claim is subject to arbitration.  On December 4, 2008, the arbitrator ruled the "parties have exhausted their procedural rights to resolve Mr. Cope's breach of contract claim through arbitration under the terms of the [CBA.]"  (Order of December 4, 2008, at 5.)  Given the arbitrator's ruling, Mr. Cope is justified in seeking reinstatement of his breach-of-contract claim.

Mr. Cope alleges WinCo breached the CBA by failing to reinstate him to his job as meat department manager.  Although the record is not entirely clear, he seems to be seeking relief under Section 301 of the Labor Management Relations Act ("LMRA"):

> Suits for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce as defined in this chapter, or between any such labor organizations, may be brought in any district court of the United States having jurisdiction of the parties, without respect to the amount in controversy or without regard to the citizenship of the parties.

29 U.S.C. § 185(a).  An employee may seek relief under § 301 if his employer breached a collective bargaining agreement and his union breached its duty of fair representation.  *Soremekun v. Thrifty Payless, Inc.*, 509 F.3d 978, 987 (9th Cir.2007); *Brown v. Witco Corp.*,

ORDER - 9

340 F.3d 209, 213 n.5 (5th Cir.2003); *Carrion v. Enterprise Ass'n, Metal Trades Branch Local Union 638*, 227 F.3d 29, 33 (2d Cir.2000). The cause of action is a "hybrid" action. *DelCostello v. Teamsters*, 462 U.S. 151, 165, 103 S.Ct. 2281, 2291, 76 L.Ed.2d 476 (1983). One component of the claim is an allegation the employer breached the collective bargaining agreement. *Id.* at 164, 103 S.Ct. at 2290. Another component of the claim is an allegation the union breached its duty of fair representation. *Id.* The two components are "inextricably interdependent." *Id.* The employee must prove both components. *Soremekun*, 509 F.3d at 987. He may not separate the two components; that is to say, he may not bring a § 301 claim which is based solely upon the allegation his employer breached a collective bargaining agreement. *DelCostello*, 462 U.S. at 165, 103 S.Ct. at 2291; *Soremekun*, 509 F.3d at 987; *Carrion*, 227 F.3d at 33. Although an employee must prove his union breached its duty of fair representation, he need not name his union as a defendant in order to obtain relief under § 301. If he chooses, he may sue only his employer. *DelCostello*, 462 U.S. at 165, 103 S.Ct. at 2291. In any event, whether he sues his union his burden remains the same. He must plead and prove two claims: "first, that the employer breached the collective bargaining agreement, and second, that the labor union breached its duty of fair representation." *Soremekun*, 509 F.3d at 987-88. An employee's failure to plead and prove the second component defeats the claim, *i.d.* at 988; which is the problem with Mr. Cope's proposed cause of action. While his amended complaint alleges WinCo breached the CBA by failing to reinstate him to his former position,

ORDER - 10

his complaint does not allege his union breached its duty of fair representation. The omission is fatal to his § 301 claim. Nothing would be accomplished by allowing him to assert the breach-of-contract claim as pled. Nevertheless, since he may be able to cure the defect, the Court will give him a reasonable opportunity to plead a sufficient § 301 claim.

### State Law Claims

WinCo argues the plaintiffs' proposed state law claims are either preempted by federal law or, in at least one instance, insufficient as a matter of state law. The plaintiffs have not meaningfully addressed, much less rebutted, WinCo's objections to their proposed claims. If WinCo's objections are valid, then it would be futile to allow the plaintiffs to add their proposed state law claims. Since WinCo's objections stand unaddressed and unrebutted, the Court denies the plaintiffs' request to add their proposed state law claims. The Court will not consider another motion to amend unless and until the plaintiffs rebut WinCo's objections.

**IT IS HEREBY ORDERED:**

1. The Court grants the plaintiffs' motion for reconsideration (**Ct. Rec. 95**):

    (a) The order that was entered on March 2, 2009, **(Ct. Rec. 84) is vacated.**

    (b) The order that was entered on March 9, 2009, **(Ct. Rec. 87) is vacated.**

2. The Court reserves ruling upon the plaintiffs' motion to amend their complaint:

ORDER - 11

(a) The breach-of-contract claim that is set forth in the proposed amended complaint fails to state a claim for which relief may be granted under § 301 of the LMRA.

(b) Unless they intend to abandon their § 301 breach-of-contract claim, the plaintiffs shall file a revised complaint within fourteen days.

(c) WinCo's motion to dismiss **(Ct. Rec. 89)** is denied with leave to refile.

**IT IS SO ORDERED.** The District Court Executive is hereby directed to enter this order and furnish copies to counsel.

**DATED** this ___15th___ day of September, 2009.

s/ Fred Van Sickle
Fred Van Sickle
Senior United States District Judge
