UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

JARED L. COPE and JONEA C. COPE,
husband and wife,

        Plaintiffs,

    v.

WINCO FOODS, LLC,,

        Defendant.

No. CV-07-5064-FVS

ORDER GRANTING SUMMARY JUDGMENT

**THIS MATTER** came before the Court on June 29, 2010, based upon the defendant's motion for summary judgment. The defendant was represented by Francis L. Van Dusen, Jr. The plaintiffs were represented by Janet E. Taylor.

**BACKGROUND**

Jared Cope worked for WinCo Foods, LLC, in Richland, Washington. WinCo's Richland store is divided into eight departments. Each department has a manager. Mr. Cope was the manager of the meat department. The eight department managers at the Richland store joined together to form the Department Managers Hourly Employee Association ("Association"). The newly-formed Association needed a chairperson. One of its members -- Mike James, the manager of the bulk foods department -- volunteered to serve. None of the other seven members wanted the job, so Mr. James became the Association's chairperson. He served in that capacity for approximately eight

ORDER - 1

years. By the end of that time, he had grown tired of the job. Consequently, he asked another manager to take over. The other person agreed to do so. There is no indication the other managers voted to approve the new chairperson. The change simply happened. The absence of formality is characteristic of the Association. Throughout its existence, it has been an informal organization. Its members do not hold regular meetings, nor do they elect officers.

Over the years, the Association has negotiated a series of collective bargaining agreements with WinCo. Each collective bargaining agreement ("CBA") has a grievance procedure. Pursuant to its terms, a department manager may present an employment-related dispute to a committee that is composed of some of the members of the Association. The parties refer to the grievance committee as the "Department Head Committee" or the "DHC." After a hearing, the DHC issues a ruling regarding the manager's grievance. Either the manager or WinCo may request arbitration of an adverse ruling.

WinCo fired Mr. Cope during the Summer of 2007. He filed a grievance. The Department Head Committee held a hearing. After considering the information submitted to it, the DHC ruled in his favor. On July 31, 2007, the DHC ordered WinCo to reinstate him to his former position. WinCo did not request arbitration. Mr. Cope alleges WinCo refused to comply with the DHC's ruling. WinCo denies his allegation.

As it turned out, Mr. Cope did not ask the Association to help him enforce the ruling issued by the DHC on July 31st. Instead, he retained an attorney on his own. On October 22, 2007, he and his wife

ORDER - 2

filed a complaint against WinCo in United States District Court. The first cause of action alleged WinCo breached the CBA by failing to reinstate Mr. Cope. The second cause of action alleged WinCo retaliated against Mr. Cope for invoking the grievance process by discharging him. The third cause of action alleged WinCo deprived Mrs. Cope of her husband's consortium.

WinCo moved to dismiss the breach-of-contract claim on the ground it was subject to binding arbitration. The Court ruled an arbitrator had to determine whether WinCo was correct in that regard. During December of 2008, an arbitrator issued an order. He concluded, "[T]he parties have exhausted their procedural rights to resolve Mr. Cope's breach of contract claim through arbitration under the terms of the [CBA.]" (Order of December 4, 2008, at 5.) The arbitrator's ruling was narrow. He declined to address whether WinCo had complied with the decision of the Department Head Committee or whether Mr. Cope was obligated to file a grievance challenging WinCo's alleged failure to comply. *Id.*

On September 29, 2009, the Copes filed an amended complaint that pleads a single cause of action. Jurisdiction is predicated upon Section 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185. The Copes' single cause of action has two components. They allege WinCo violated the CBA by failing to reinstate Mr. Cope to his former position in accordance with the Department Head Committee's ruling, and they allege the Association breached its duty of fair representation by failing to seek judicial enforcement of the DHC's ruling when WinCo failed to comply. WinCo moves for summary judgment.

ORDER - 3

Fed.R.Civ.P. 56. According to WinCo, there are three reasons why summary judgment is warranted: First, WinCo argues the Copes cannot prove one of the elements of their claim. Second, WinCo argues their claim is barred by the statute of limitations, and, third, WinCo argues they waived their claim by failing to submit it to an arbitrator.

**STANDARD**

Rule 56(c) provides, "[J]udgment . . . should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to a judgment as a matter of law."

**RULING**

A. Elements Of Claim

"[I]t is the policy of the National Labor Relations Act to allow a single labor organization to represent collectively the interests of all employees within a unit, thereby depriving individuals in the unit of the ability to bargain individually[.]" *DelCostello v. Teamsters*, 462 U.S. 151, 165 n.14, 103 S.Ct. 2281, 76 L.Ed.2d 476 (1983). Depending upon the terms of the collective bargaining agreement between the union and the employer, the union may have discretion to supervise the grievance machinery established by the CBA. *Vaca v. Sipes*, 386 U.S. 171, 191, 87 S.Ct. 903, 17 L.Ed.2d 842 (1967). While "a union may not arbitrarily ignore a meritorious grievance or process it in perfunctory fashion," *id.*, 87 S.Ct. 903, a union may settle a member's grievance against the employer. *Id.* at 192, 87 S.Ct. 903. Indeed, the union may settle a member's grievance on terms to which he

ORDER - 4

objects. *See id.* at 192-95. Given the union's authority and the member's vulnerability, the union must "'serve the interests of all members without hostility or discrimination toward any, to exercise its discretion with complete good faith and honesty, and to avoid arbitrary conduct.'" *DelCostello*, 462 U.S. at 165 n.14, 103 S.Ct. 2281 (quoting *Vaca*, 386 U.S. at 177, 87 S.Ct. 903). In *DelCostello*, the Supreme Court acknowledged the rule permitting a union to exercise discretion over a member's grievance "works an unacceptable injustice when the union representing the employee in the grievance/arbitration procedure acts in such a discriminatory, dishonest, arbitrary, or perfunctory fashion as to breach its duty of fair representation. In such an instance, an employee may bring suit against both the employer and the union[.]" 462 U.S. at 164, 103 S.Ct. 2281. Courts typically refer to a claim such as this as "'a hybrid § 301/fair representation claim.'" *Soremekun v. Thrifty Payless, Inc.*, 509 F.3d 978, 988 (9th Cir.2007) (quoting *Carrion v. Enterprise Ass'n, Metal Trades Branch Local Union 638*, 227 F.3d 29, 34 (2d Cir.2000)). A hybrid § 301/fair representation claim has two critical components. *Id.* at 987. The two are "inextricably interdependent." *DelCostello*, 462 U.S. at 164, 103 S.Ct. 2281. Not only must the Copes prove WinCo breached the CBA, but also they must prove the Association breached its duty of fair representation. *Id.* at 165, 103 S.Ct. 2281. Although the Copes must prove the Association breached its duty of fair representation, they need not name the Association as a defendant in order to obtain relief under § 301. *Id.* If they desire, they may sue only WinCo, which is what they have chosen to do.

ORDER - 5

B. Statute of Limitations

A hybrid § 301/fair representation claim is subject to a six-month statute of limitations. *DelCostello*, 462 U.S. at 169-70, 103 S.Ct. 2281; *Soremekun*, 509 F.3d at 989 n.39. The Copes have not filed a claim against the Association. WinCo submits it is now too late for them to do so; a point the Copes do not contest. Believing, as WinCo does, that it is now too late for Mr. Cope to bring a claim against the Association, WinCo argues it is also too late from them to bring a claim against the company. WinCo is mistaken. The Second Circuit explained why in *White v. White Rose Food*, 128 F.3d 110, 116 (2d Cir.1997):

> The fact that the plaintiffs are time-barred from bringing a claim against the union does not mean that "the plaintiffs cannot prove that Local 138 breached its duty of fair representation" in an action against White Rose. . . . [P]laintiffs suing under a § 301/DFR theory need not sue their union at all: it could hardly be that the running of the limitations period as to the union extinguishes the right of action against the employer. The fact that *DelCostello*'s limitations period has expired as against Local 138 has no bearing on the validity of the plaintiffs' suit against White Rose.

(Internal cross reference omitted.) So, too, here. The Copes' claim against WinCo is not barred by the statute of limitations for the reason asserted by the company. Which is not to say the Copes' claim is timely; only that WinCo's basis for challenging the timeliness of the claim is unpersuasive.

C. WinCo's Request for Summary Judgment On The Merits

WinCo does not bear the burden of persuasion at trial. The Copes

ORDER - 6

do.  In order to prevail, they must prove both that WinCo breached the CBA and that the Association breached its duty of fair representation. *DelCostello*, 462 U.S. at 165, 103 S.Ct. 2281.  A Rule 56 moving party without the burden of persuasion at trial may qualify for summary judgment by showing "the nonmoving party does not have enough evidence of an essential element to carry its ultimate burden of persuasion at trial."  *Nissan Fire & Marine Ins. Co. v. Fritz Cos.*, 210 F.3d 1099, 1102 (9th Cir.2000).  Winco relies upon this principle; arguing the Copes cannot prove the Association breached its duty of fair representation by failing to seek judicial enforcement of the Department Head Committee's reinstatement ruling.

D. Rational Fact-Finder Would Be Unable To Find That The Association Breached A Duty To Mr. Cope

A collective bargaining agreement may confer authority upon a union to supervise grievance machinery.  In such situations, the union has considerable discretion with respect to how aggressively to prosecute an employee grievance; subject, of course, to the union's duty of fair representation.  *See Vaca*, 386 U.S. at 194-5, 87 S.Ct. 903.  If the union decides to pursue the matter to the end of the grievance process, and if the union prevails, the union's duty of fair representation may extend beyond arbitration.  The Eleventh Circuit has held:

> [W]here a collective bargaining agreement specifies an arbitration procedure in which the union functions as the individual's exclusive representative, the job of asserting the individual's potential right of action to enforce the arbitration award under section 301 is presumed to have been delegated to the union as one of its duties as exclusive

ORDER - 7

representative.

*Samples v. Ryder Truck Lines, Inc.*, 755 F.2d 881, 886-87 (11th Cir.1985). Two other circuit courts of appeal have since reached the same conclusion. The Eight Circuit did so in *Livingstone v. Schnuck Market, Inc.*, 950 F.2d 579, 582 (8th Cir.1991) (quoting *Samples*). The Second Circuit did so in *Carrion v. Enterprise Ass'n, Metal Trades Branch Local Union 638*, 227 F.3d 29, 33-34 (2d Cir.2000).

Although the Ninth Circuit has not addressed the issue raised in *Samples*, *Livingstone*, and *Carrion*, there is every reason to think it will follow its sister circuits' lead. In other words, there is every reason to think it will conclude that a union violates its duty of fair representation by failing to seek judicial enforcement of an arbitration award. Even so, Mr. Cope faces an obstacle. In each of the three cases cited above, the union served as its members' exclusive representative in the grievance process. The employee had to depend upon his union to protect his interests. Not so, here. Pursuant to the CBA that was in effect in 2007, Mr. Cope had a contractual right to file a grievance with the chairperson of the Association. (Hourly Department Manager Working Conditions & Wage Agreement, ¶ Q(1) at 8.) Once Mr. Cope filed the grievance, the chairperson was required to arrange a hearing. *Id.*, ¶ Q(2) at 8. The chairperson had no discretion in that regard. Furthermore, had the Department Head Committee ruled against Mr. Cope, he could have demanded arbitration. The Association would have been powerless to stop him. *Id.*, ¶ Q(7) at 9. The fact it was Mr. Cope, not the Association, who controlled the grievance process serves to

ORDER - 8

distinguish his case from the cases cited above. Since the Association was not Mr. Cope's exclusive representative in the grievance process (in essence, he represented himself), the Association was not obligated to seek judicial enforcement of the DHC's reinstatement ruling. Enforcement was Mr. Cope's responsibility, not the Association's. Consequently, the Association did not breach a duty to Mr. Cope by failing to seek judicial enforcement of the ruling issued by the Department Head Committee on July 31, 2007.

The absence of breach is fatal to Mr. Cope's hybrid § 301/fair representation claim. As noted earlier, the claim has two elements. The second element is that the union breached its duty of fair representation. Mr. Cope cannot prove this element. Thus, a jury would be unable to find for him on the claim. WinCo is entitled to summary judgment.

**IT IS HEREBY ORDERED:**

WinCo's motion for summary judgment (**Ct. Rec. 129**) is **granted**. The plaintiffs' hybrid § 301/fair representation claim is dismissed with prejudice.

**IT IS SO ORDERED.** The District Court Executive is hereby directed to file this order, enter judgment accordingly, furnish copies to counsel, and close the case.

**DATED** this ___2nd___ day of July, 2010.

>                s/ Fred Van Sickle
>                   Fred Van Sickle
>          Senior United States District Judge

ORDER - 9